UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

CLARENCE GREEN and TANYA GREEN,

    Plaintiffs,

v.

KEN CAMALLO, JOHN DOES 1-5 (BATON ROUGE POLICE DEPARTMENT OFFICERS), CITY OF BATON ROUGE, and PARISH OF EAST BATON ROUGE

    Defendants.

No.   21-cv-1

## COMPLAINT

Plaintiffs CLARENCE GREEN and TANYA GREEN, by their undersigned attorney, for their complaint against Defendants, allege as follows:

### INTRODUCTION

1. This case involves government misconduct universally condemned by our courts' jurisprudence. Plaintiff CLARENCE GREEN spent five months in custody during a deadly pandemic, while he and his mother TANYA GREEN suffered an unwarranted (possibly criminal) invasion of their home, due to Defendants' lawless conduct.

2. Moreover, Defendant KEN CAMALLO swore an oath to provide truthful testimony at a November 2020 hearing concerning his earlier conduct. Yet CAMALLO was unable to explain why the police reports in this investigation were revised nearly one dozen times in the months following Mr. Green's arrest and provided multiple conflicting accounts when describing the circumstances leading up to Plaintiff CLARENCE GREEN's initial seizure and search.

1

3. CAMALLO has engaged in similar conduct previously. Just recently, a different federal judge suppressed evidence due to CAMALLO's unconstitutional police work (there, another warrantless invasion and search of a home) and dubious sworn testimony. *See United States v. Sergent*, No. CR 17-0024-JJB-EWD (M.D. La. July 12, 2017) (Brady, J.) (ordering all evidence and statements suppressed). In *Sergent*, the district judge noted that critical facts to which CAMALLO testified at a suppression hearing were absent from multiple versions of reports he authored, *id.* at *2, and expressly held that the defendants' conflicting account of an illegal search was more credible than CAMALLO's version of the same events, *id.* at 11 (explaining why Court rejected CAMALLO's testimony that defendants made misrepresentations that ostensibly prompted CAMALLO's illegal search).

4. It is evident that the mere suppression of evidence in a criminal case fails to deter further unconstitutional misconduct by the police officers involved in that criminal case.

5. Plaintiffs now seek compensation for the hardship and injury caused by Defendants' wrongs.

## JURISDICTION AND VENUE

6. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of state law of Plaintiffs' rights as secured by the United States Constitution, as well as the deprivation of rights under Louisiana law.

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 1367. Venue is proper under 28 U.S.C. § 1391(b), because the defendants resides in this judicial district and the events giving rise to the claims asserted herein occurred in this judicial district.

## PARTIES

8. Plaintiff CLARENCE GREEN is a citizen of the United States and resides in the City of Baton Rouge.

9. Plaintiff TANYA GREEN is a citizen of the United States and resides in the City of Baton Rouge.

10. Defendant KEN CAMALLO is a resident of Louisiana and employed in a supervisory capacity by the Baton Rouge Police Department. He and JOHN DOES 1-5 work for Defendants City of Baton Rouge and Parish of East Baton Rouge. Defendant CITY OF BATON ROUGE is a political subdivision of the State of Louisiana. The city's governing authority is consolidated with the government of EAST BATON ROUGE PARISH. Defendant PARISH OF EAST BATON ROUGE is a political subdivision of the State of Louisiana. The Parish's governing authority is consolidated with the government of the CITY OF BATON ROUGE.

11. Defendant JOHN DOE 1 is another male Baton Rouge Police Department employee who participated in the stop, seizure, and home search described in this complaint and in reports related to BRPD File Number 2020-225 together with CAMALLO. Defendants JOHN DOES 2-6 are other Baton Rouge Police Department officers who were present at both the scene of the initial vehicle stop and the home search.

## PLAINTIFF'S FACTUAL ALLEGATIONS

12. On January 1, 2020, Plaintiff CLARENCE GREEN and his younger brother (a juvenile) were passengers in a car in the vicinity of E. Brookstown Dr. and Byron Ave., Baton Rouge, Louisiana.

13. Defendants CAMALLO and JOHN DOE 1 stopped the car; the other individual defendants arrived on scene shortly thereafter.

3

13. Defendants ordered Mr. GREEN and his younger brother to exit the car, placed them on the concrete, handcuffed them, and searched their persons.

13. Defendants then drove Mr. GREEN and his younger brother to a private residence located at 5665 McClelland Drive, Apt. 222, Baton Rouge, Louisiana.

14. Plaintiff TANYA GREEN and her juvenile son reside at 5665 McClelland Drive, Apt. 222. Plaintiff TANYA GREEN leases the property. Plaintiff CLARENCE GREEN also sometimes resides there.

15. With CLARENCE GREEN and his little brother handcuffed in the back of a police car, Defendants entered the residence without authorization.

16. With guns drawn, defendants proceeded up to the second floor of the apartment, where they encountered TANYA GREEN in her bedroom with her 10-year-old grandson.

17. Defendants threatened Plaintiff TANYA GREEN with arrest if she did not go downstairs and allow them to continue searching her apartment.

18. Defendants searched the apartment.

19. Defendants did not have a warrant to conduct the search.

20. Mr. GREEN was incarcerated from January 1 until January 6.

21. Based on evidence allegedly obtained during Defendants' illegal stop, seizure, and search, Mr. GREEN was indicted by a grand jury in the Middle District of Louisiana on July 16, 2020 and charged with a violation of 18 U.S.C. § 922(g)(1). Mr. GREEN was rearrested in late July 2020 and remained in custody for the next five months.

22. On August 24, 2020, Mr. GREEN's public defender filed a motion to suppress.

23. On November 20, 2020, an evidentiary hearing was conducted and Defendant CAMALLO testified.

24. At the evidentiary hearing, CAMALLO gave multiple conflicting accounts when describing the circumstances leading up to Defendant's traffic stop, and failed to offer a satisfactory explanation for why the police reports in this investigation were revised nearly one dozen times in the months following Defendant's arrest. This Complaint incorporates by reference the full transcript of the November 20, 2020 evidentiary hearing and the nearly one dozen police reports.

25. On December 16, 2020, the United States advised the court that "[a]fter . . . reviewing the official transcript [of the hearing], the United States is re-evaluating this case and needs additional time to evaluate whether an alternate resolution is appropriate."

26. On December 24, 2020, the United States sought leave of court, pursuant to Rule 48(a), to dismiss the indictment.

27. On December 29, 2020, the district court granted the Government's motion and ordered Mr. GREEN's immediate release. In the order, the District Court explained:

> The Government cites a "reevaluation" of the evidence as justification for its Motion to Dismiss. (Doc. 34 at 1). The Court cannot know the Government's misgivings, but pauses briefly to elaborate its own. As reflected in the video evidence submitted in support of Defendant's Motion to Suppress (Doc. 12), the state agents in this case demonstrated a serious and wanton disregard for Defendant's constitutional rights, first by initiating a traffic stop on the thinnest of pretext, and then by haphazardly invading Defendant's home (weapons drawn) to conduct an unjustified, warrantless search. Such an intrusion, in abject violation of the protections afforded by the Fourth Amendment of the United States Constitution, which protects citizens against unwarranted governmental intrusions in their homes, may justifiably be considered to be a trespass subject to prosecution under La. R.S. 14:63. At the suppression hearing (Doc. 25), the responding officer gave multiple conflicting accounts when describing the circumstances leading up to Defendant's traffic stop, and failed to offer a satisfactory explanation for why the police reports in this investigation were revised nearly one dozen times in the months following Defendant's arrest. The officer's testimony was troubling at best, and the Court was prepared to make a credibility determination to accompany its order on Defendant's Motion to Suppress. The point is mooted by the Government's Motion. Still, however, Defendant has spent five months in custody as a result of the Government's actions. As such, it is appropriate to remind the

Government—and its representative, the United States Attorney—of its paramount obligation to seek and serve justice, not convictions. Berger v. United States, 295 U.S. 78, 88 (1935) ("The United States Attorney is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done."). In the Court's view, this case is emblematic of precisely the type of "foul" blows universally condemned by our jurisprudence. See id. Nonetheless, the Court commends the Government for its appropriate reevaluation of the facts and evidence in this case, as it is obligated to do at all stages of every federal prosecution.

## COUNT I

### 42 U.S.C § 1983 – Unreasonable Seizure and Excessive Force (Mr. Green)

28. Plaintiffs repeat and reallege all of the paragraphs in this complaint as if fully set forth herein.

29. As more fully described above, both of the Defendants acting individually, jointly, and in conspiracy, as well as under color of law and withing the scope of their employment, deprived Plaintiff CLARENCE GREEN of his constitutional right to be free from unreasonable seizure and free from excessive force.

30. As a direct and proximate result of this deprivation of his constitutional right to be free from unreasonable seizure, Plaintiff suffered injuries, including, but not limited to, emotional distress.

## COUNT II

### 42 U.S.C. § 1983 – Unreasonable Search (Mr. Green)

31. Plaintiffs repeat and reallege all of the paragraphs in this complaint as if fully set forth herein.

32. As more fully described above, both of the Defendants acting individually, jointly, and in conspiracy, as well as under color of law and withing the scope of their

6

employment, deprived Plaintiff CLARENCE GREEN of his constitutional right to be free from unreasonable search of his person.

33. As a direct and proximate result of this deprivation of his constitutional right to be free from unreasonable seizure, Plaintiff suffered injuries, including, but not limited to, emotional distress.

## COUNT III

### 42 U.S.C. § 1983 – Unreasonable Search (All Plaintiffs)

34. Plaintiffs repeat and reallege all of the paragraphs in this complaint as if fully set forth herein.

35. As more fully described above, both of the Defendants acting individually, jointly, and in conspiracy, as well as under color of law and withing the scope of their employment, deprived Plaintiffs TANYA GREEN and CLARENCE GREEN of their constitutional right to be free from unreasonable search of their home at 5665 McClelland Drive.

36. As a direct and proximate result of this deprivation of his constitutional right to be free from unreasonable seizure, Plaintiffs suffered injuries, including, but not limited to, emotional distress.

## COUNT IV

### State Law Claim - Trespass (Ms. Green)

37. Plaintiffs repeat and reallege all of the paragraphs in this complaint as if fully set forth herein.

38. As more fully described above, both of the Defendants acting individually, jointly, and in conspiracy, as well as under color of law and withing the scope of their

employment, committed a trespass under Louisiana law, insofar as Defendants unlawfully physically invaded the property or possession of Ms. Green without consent.

39. As a direct and proximate result of this trespass, Ms. Green suffered injuries, including, but not limited to, emotional distress.

## COUNT V

### Manufacturing False Evidence (Mr. Green)

40. Where a person has been deprived of liberty as a result of false evidence manufactured by law enforcement officers, there is a deprivation of liberty that violates due process of law. *See Mooney v. Holohan*, 294 US 103 (1935).

41. "Evidence" refers not only to physical evidence, but also testimony and statements, insofar as due process prohibits "deliberate deception of [the] court." *Id.* at 112.

42. The revision of written police reports nearly one dozen times in an attempt to provide cover for conduct that "demonstrated a serious and wanton disregard for Defendant's constitutional rights" suffices to offend due process.

### Count VI - Violation of the Louisiana Constitution (All Plaintiffs)

43. Defendants' actions described above, including conducting and causing the seizing, detaining, and use of force on Plaintiff Mr. Green as described above and the invasion of Plaintiff Ms. Green's home, interfered with their exercise of fundamental rights as guaranteed by Louisiana's Constitution.

### Count VII – Assault and Battery (All Plaintiffs)

44. Defendants' use of force and threats to use force, including the pointing of deadly weapons, against Plaintiffs constituted assault and battery.

45. It was an assault because it put them all Plaintiffs in immediate apprehension of a

non-consensual harmful touching.

46. It was a battery because Defendants completed a non-consensual harmful touching against Mr. Green, which was not justified in that the seizure was without legal justification.

## Count VIII – Abuse of Process (Mr. Green)

47. "The requirements for abuse of process and for malicious prosecution are distinguishable and distinguished." *Succession of Cutrer v. Curtis*, 341 So.2d 1209 (La. App. 1 Cir.1976).

48. An abuse of process claim has two essential elements: (1) the existence of an ulterior purpose and (2) a willful act in the use of the process not proper in the regular prosecution of the proceeding. *Waguespack, Seago and Charmichael v. Lincoln*, 768 So.2d 287, 290–91 (La. App. 1 Cir. 9/22/00),

49. Ulterior motive is presumed when there is a finding of an irregular use of process. *See Weldon v. Republic Bank,* 414 So.2d 1361 (La. App. 2d Cir. 1982)

50. Defendant CAMALLO committed an abuse of process when he lied in the evidentiary hearing involving Mr. Green.

## Count IX – False Imprisonment (All Plaintiffs)

51. The Louisiana tort of false imprisonment occurs when one "restrains another against his will without a warrant or other statutory authority. Simply stated, it is restraint without color of legal authority." *Kyle v. City of New Orleans*, 353 So.2d 969, 971 (La. 1977).

52. Here, Defendants restrained Mr. Green against his will without a warrant or other statutory authority.

53. Defendants restrained Ms. Green by ordering her to leave her bedroom or face

arrest.

## Count X- Vicarious Liability
**(All Plaintiffs against Defendants City of Baton Rouge and Parish of East Baton Rouge)**

54. Plaintiffs incorporate the allegations in each preceding and following paragraph.

55. All supervisor Defendants are liable to Plaintiffs for the negligent and intentional acts and omissions of those under their direction and control pursuant to Louisiana Civil Code article 2320 and the doctrine of *respondeat superior*.

## Count XI - Indemnity
**(All Plaintiffs against Defendants City of Baton Rouge and Parish of East Baton Rouge)**

56. Plaintiffs incorporate the allegations in each preceding and following paragraph.

57. Louisiana law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable for actions taken in the discharge of their duties that are within the scope of their employment activities.

58. While committing the misconduct alleged in the preceding paragraphs, some Defendants were employees, members, and agents of Defendants within the scope of their employment.

59. Entity Defendants are therefore obligated by Louisiana statute to pay any judgment entered against their employees.

WHEREFORE, Plaintiffs pray that this Court enter judgment in their favor and against Defendant KEN CAMALLO and JOHN DOES 1-5, awarding declaratory relief and compensatory damages, costs and attorneys' fees against all Defendants, and punitive damages against each of the Defendants in their individual capacities; and for such further and additional relief as this Court may deem appropriate and just.

            Respectfully submitted,

            **CLARENCE AND TANYA GREEN**

            By: /s/ Thomas W. Frampton
              Their attorney

Thomas W. Frampton
University of Virginia School of Law
580 Massie Road
Charlottesville, VA 22903
(202) 352-8341
*Affiliation for Identification Only*